UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILAN LIPSTEIN, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>20X HOSPITALITY LLC d/b/a SPICY MOON, JUNE KWAN, in both her individual and professional capacities, JOANNA AVERY, in both her individual and professional capacities, and YIDI MAO a/k/a KENNY MAO, in both his individual and professional capacities,<br><br>Defendants. | Civil Action No.: 22-cv-4812-VSB-JW |

## DECLARATION OF ALEX J. HARTZBAND

Pursuant to 28 U.S.C. § 1746, ALEX J. HARTZBAND, being duly sworn, deposes and says:

1. I am a partner at Faruqi & Faruqi, LLP, counsel for Plaintiff Milan Lipstein ("Plaintiff") in the above-captioned action against Defendants 20X Hospitality LLC d/b/a Spicy Moon ("Spicy Moon"), June Kwan ("Kwan"), Joanna Avery ("Avery"), and Yidi Mao a/k/a Kenny Mao ("Mao") (together, "Defendants").

2. I submit this declaration in support of Plaintiff's Motion for Conditional Certification of a Collective Action and Equitable Tolling of the Statute of Limitations.

3. On June 8, 2022, Plaintiff commenced this class and collective action alleging, *inter alia*, that Defendants have engaged in a common pattern and practice of failing to pay overtime and failing to timely pay wages in violation of the Fair Labor Standards Act ("FLSA"). *See* ECF No. 1.

4. As detailed in the Complaint, Plaintiff brings his claims on behalf of himself and all similarly situated employees who have worked for Defendants within the three years preceding his filing of the instant action (the "FLSA Collective"). *See id.* ¶¶ 15, 137-66.

5. Plaintiff formally effected service upon all Defendants as of July 9, 2022. *See* ECF Nos. 12-15.

6. Defendants did not Answer or otherwise respond to the Complaint by their August 1, 2022 deadline to do so. *See* ECF Nos. 12-15.

7. Plaintiff's' counsel contacted the attorney previously representing Defendants in pre-litigation discussions several times to ask that he accept service of the Complaint.

8. However, he refused to do so.

9. Just two days later, on August 3, 2022, Plaintiff requested leave of the Court to file an Amended Complaint adding claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") following his receipt of a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission. *See* ECF No. 17.

10. The Court granted Plaintiff's request the next day, and he filed his Amended Complaint shortly thereafter. *See* ECF No. 18; Ex. B ("Amended Complaint").

11. Plaintiff effected service of the Amended Complaint upon all Defendants as of August 13, 2022. *See* ECF Nos. 20-23.

12. As of the date of the instant filing, Defendants' response to the Amended Complaint is not yet due.

13. Plaintiff has filed the instant motion in the very early stages of this litigation—before the Court has even held an initial conference, thus evincing extreme diligence in his representation of the FLSA Collective and, in turn, supporting equitable tolling.

14. Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Class and Collective Action Complaint, filed on June 8, 2022 (ECF No. 1).

15. Attached hereto as Exhibit B is a true and correct copy of Plaintiff's Class and Collective Action Amended Complaint, filed on August 8, 2022 (ECF No. 19).

16. Attached hereto as Exhibit C is a true and correct copy of the Declaration of Milan Lipstein, dated August 23, 2022.

17. Attached hereto as Exhibit D is a true and correct copy of Plaintiff's paystubs.

18. Attached hereto as Exhibit E are true and correct copies of text message exchanges between Plaintiff, on the one hand, and Avery or Kwan, on the other hand, which reflect Defendants' underpayment of and late payment of wages to Back-of-House Employees.

19. Attached hereto as Exhibit F is a true and correct copy of Plaintiff's Proposed Notice of Pendency and Consent to Join Form to be sent via certified U.S. Mail and attached to the Plaintiff's Proposed Notice of Pendency to be sent via email (Ex. G).

20. Attached hereto as Exhibit G is a true and correct copy of Plaintiff's Proposed Notice of Pendency to be sent via email.

21. Attached hereto as Exhibit H is a true and correct copy of Plaintiff's Proposed Notice of Pendency to be sent via text message.

22. Attached hereto as Exhibit I is a true and correct copy of Plaintiff's Proposed Notice of Pendency to be posted in Spicy Moon's restaurants located at 328 East 6th St., New York, NY 10003 and 68 West 3rd St., New York, NY 10012.

23. Attached hereto as Exhibit J is a proposed Order granting the instant motion.

24. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: August 25, 2022
      New York, New York.

By:   */s/ Alex J. Hartzband*
       Alex J. Hartzband