**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MILAN LIPSTEIN, on behalf of himself and others similarly situated,<br><br>                 Plaintiff,<br><br>      v.<br><br>20X HOSPITALITY LLC d/b/a SPICY MOON, JUNE KWAN, in both her individual and professional capacities, JOANNA AVERY, in both her individual and professional capacities, and YIDI MAO a/k/a KENNY MAO, in both his individual and professional capacities,<br><br>                 Defendants. | Civil Action No.: 22-cv-4812-VSB-JW |

<u>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION AND EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS**</u>

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

PROCEDURAL HISTORY............................................................................................... 2

RELEVANT FACTS ........................................................................................................ 3

ARGUMENT ................................................................................................................... 6

I.      CONDITIONAL CERTIFICATION IS APPROPRIATE ................................... 6

        A.      The FLSA's Opt-In Requirement and the Need for Expedited Notice.................. 6

        B.      The Two-Step Certification Process for FLSA Collective Actions....................... 8

        C.      Plaintiff Has Made the Required Showing That He and the Members
                of the FLSA Collective are Similarly Situated ...................................... 11

II.     PLAINTIFF HAS OFFERED SUFFICIENT ADDITIONAL DETAILS TO
        SUPPORT CONDITIONAL CERTIFICATION AND HAS OTHERWISE
        ADDRESSED THE DEFICIENCIES NOTED BY THE COURT IN ITS
        PRIOR REPORT AND RECOMMENDATION ............................................... 13

III.    THE COURT SHOULD AUTHORIZE PROMPT NOTICE OF THE INSTANT
        MATTER TO THE FLSA COLLECTIVE......................................................... 18

        A.      Expedited Notice and Disclosure of Contact Information Is Necessary............... 18

        B.      Plaintiff's Proposed Notices Are Appropriate in All Respects............................ 18

IV.     THE COURT SHOULD GRANT CONDITIONAL CERTIFICATION
        DESPITE DEFENDANTS' PARTIAL MOTION TO DISMISS ..................... 21

V.      EQUITABLE TOLLING SHOULD BE GRANTED TO PROTECT THE
        RIGHTS OF THE FLSA COLLECTIVE........................................................... 22

CONCLUSION............................................................................................................... 24

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Ali v. N.Y. City Health and Hosps. Corp.*,
    No. 11-cv-6393(PAC), 2013 WL 1245543 (S.D.N.Y. Mar. 27, 2013) ...................................16

*Bhumithanarn v. 22 Noodle Mkt. Corp.*,
    No. 14-cv-2625 (RJS), 2015 WL 4240985 (S.D.N.Y. July 13, 2015)...............................12, 19

*Bowens v. Atl. Maint. Corp.*,
    546 F. Supp. 2d 55 (E.D.N.Y. 2008) ...................................................................................12

*Cabrera v. Stephens*,
    No. 16-cv-3234 (ADS) (SIL), 2017 WL 4326511 (E.D.N.Y. Sept. 28, 2017)........................19

*Cohen v. Gerson Lehrman Grp., Inc.*,
    686 F. Supp. 2d 317 (S.D.N.Y. 2010)..................................................................................11

*Cunningham v. Elec. Data Sys. Corp.*,
    754 F. Supp. 2d 638 (S.D.N.Y. 2010)...........................................................................8, 9, 10

*Damassia v. Duane Reade, Inc.*,
    No. 04 Civ. 8819 (GEL), 2006 WL 2853971 (S.D.N.Y. Oct. 5, 2006)...................................11

*Davis v. Abercrombie & Fitch Co.*,
    No. 08 Civ. 1859 (PKC), 2008 WL 4702840 (S.D.N.Y. Oct. 23, 2008)................................21

*Enriquez v. Cherry Hill Mkt. Corp.*,
    No. 10-CV-5616 (FB) (ALC), 2012 WL 440691 (E.D.N.Y. Feb. 10, 2012) .........................20

*Fasanelli v. Heartland Brewery, Inc.*,
    516 F. Supp. 2d 317 (S.D.N.Y. 2007)..................................................................................19

*Fonseca v. Dircksen & Talleyrand Inc.*,
    No. 13 Civ. 5124 (AT), 2014 WL 1487279 (S.D.N.Y. Apr. 11, 2014)........................6, 8, 10

*Foster v. Food Emporium*,
    No. 99 Civ. 3860 (CM), 2000 WL 1737858 (S.D.N.Y. Apr. 26, 2000)............................7, 18

*Gaspar v. Personal Touch Moving, Inc.*,
    No. 13-cv-8187 (AJN), 2014 WL 4593944 (S.D.N.Y. Sept. 15, 2014) .................................20

*Gortat v. Capala Bros., Inc.*,
    No. 07-cv-3629 (ILG), 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010)........................................7

*Guy v. Casal Inst. of Nevada, LLC*,
    No. 2:13-cv-02263 (APG), 2014 WL 1899006 (D. Nev. May 12, 2014)................................22

*Hallissey v. Am. Online, Inc.*,
No. 99 Civ. 3785 (KTD), 2008 WL 465112 (S.D.N.Y. Feb. 19, 2008) ...................................11

*Hamadou v. Hess Corp.*,
915 F. Supp. 2d 651 (S.D.N.Y. 2013)....................................................................................20

*Hernandez v. Bare Burger Dio Inc.*,
No. 12 Civ. 7794(RWS), 2013 WL 3199292 (S.D.N.Y. June 25, 2013) ...............................17

*Hoffmann v. Sbarro, Inc.*,
982 F. Supp. 249 (S.D.N.Y. 1997) ..............................................................................6, 7, 8

*Hoffmann-La Roche, Inc. v. Sperling*,
493 U.S. 165 (1989).........................................................................................7, 8, 19, 20

*Huer Huang v. Shanghai City Corp.*,
No. 19-cv-7702(LJL), 2020 WL 5849099 (S.D.N.Y. Oct. 1, 2020).......................................16

*Huertero-Morales v. Raguboy Corp.*,
No. 17 Civ. 2429(JCF), 2017 WL 4046337 (S.D.N.Y. Sept. 12, 2017)................................15

*Ikikhueme v. CulinArt, Inc.*,
No. 13-cv-293(JMF), 2013 WL 2395020 (S.D.N.Y. June 3, 2013) ......................................15

*Iriarte v. Café 71, Inc.*,
No. 15 Civ. 3217 (CM), 2015 WL 8900875 (S.D.N.Y. Dec. 10, 2015)................................22

*Jackson v. N.Y. Tel. Co.*,
163 F.R.D. 429 (S.D.N.Y. 1995) ...........................................................................................9

*Jeong Woo Kim v. 511 E. 5th St., LLC*,
985 F. Supp. 2d 439 (S.D.N.Y. 2013).....................................................................................7

*Ji Li v. Ichiro Rest. Inc.*,
No. 14 Civ. 10242 (AJN) (JCF), 2015 WL 6828056 (S.D.N.Y. Nov. 5, 2015) .....................21

*Jung v. Gina Grp., LLC*,
No. 19-cv-8624(MKV), 2021 WL 4120642 (S.D.N.Y. Sept. 9, 2021) ................................15

*Kemper v. Westbury Operating Corp.*,
No. 12-CV-0895 (ADS)(ETB), 2012 WL 4976122 (E.D.N.Y. Oct. 17, 2012).....................20

*Khamsiri v. George & Frank's Japanese Noodle Rest., Inc.*,
No. 12 Civ. 265 (PAE), 2012 WL 1981507 (S.D.N.Y. June 1, 2012)...................................12

*Lynch v. United Servs. Auto. Ass'n*,
491 F. Supp. 2d 357 (S.D.N.Y. 2007).................................................................9, 10, 11, 20

*Martin v. Sprint/United Mgmt. Co.*,
    No. 15 Civ. 5237 (PAE), 2016 WL 30334 (S.D.N.Y. Jan. 4, 2016)........................................19

*Mendoza v. Ashiya Sushi 5, Inc.*,
    No. 12 Civ. 8629 (KPF), 2013 WL 5211839 (S.D.N.Y. Sept. 16, 2013) ..........................6, 7, 9

*Myers v. Hertz Corp.*,
    624 F.3d 537 (2d Cir. 2010).................................................................................... *passim*

*Pippins v. KPMG LLP*,
    No. 11-cv-0377 (CM) (JLC), 2012 WL 19379 (S.D.N.Y. Jan. 3, 2012) ................................19

*Qing Tian Zhuo v. Jia Xing 39th Inc.*,
    No. 14-cv- .............................................................................................................11

*Qing Tian Zhuo v. Jia Xing 39th Inc.*,
    No. 14-cv-2848(SHS), 2015 WL 1514950 (S.D.N.Y. Apr. 1, 2015) ..............................11, 16

*Ramos v. PJJK Rest. Corp.*,
    No. 15-cv-5672 (PKC), 2016 WL 1106373 (S.D.N.Y. Mar. 10, 2016) ................................18

*Sanchez v. Gansevoort Mgmt. Grp., Inc.*,
    No. 12 Civ. 75 (KBF), 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013) ....................................12

*Sanchez v. JMP Ventures, L.L.C.*,
    No. 13 Civ. 7264(KBF), 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014) ..................................16

*Schaefer v. M & T Bank Corp.*,
    122 F. Supp. 3d 189 (S.D.N.Y. 2015)..............................................................................23, 24

*Schear v. Food Scope Am., Inc.*,
    297 F.R.D. 114 (S.D.N.Y. 2014) .....................................................................................8, 10

*Shajan v. Barolo, Ltd.*,
    No. 10 Civ. 1385 (CM), 2010 WL 2218095 (S.D.N.Y. Jun. 2, 2010)....................................11

*She Jian Guo v. Tommy's Sushi Inc.*,
    No. 14-cv-3946(PAE), 2014 WL 5314822 (S.D.N.Y. Oct. 16, 2014) ..................................15

*Spicer v. Pier Sixty LLC*,
    269 F.R.D. 321 (S.D.N.Y. 2010) .....................................................................................9, 10

*Varghese v. JP Morgan Chase & Co.*,
    No. 14 Civ. 1718 (PGG), 2016 WL 4718413 (S.D.N.Y. Sept. 9, 2016) ...............................24

*Wang v. Empire State Auto Corp.*,
    No. 14 Civ. 1491 (WFK) (VMS), 2015 WL 4603117 (E.D.N.Y. June 29,
    2015) ...........................................................................................................................20

*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
   767 F. Supp. 2d 445 (S.D.N.Y. 2011)......................................................................20

*Yahraes v. Rest. Assocs. Events Corp.*,
   No. 10-CV-935 (SLT), 2011 WL 844963 (E.D.N.Y. Mar. 8, 2011) .........................21, 22, 23

*Zaldivar v. JMJ Caterers, Inc.*,
   166 F. Supp. 3d 310 (E.D.N.Y. 2016) ................................................................11

*Zhang v. Hiro Sushi at Ollie's Inc.*,
   No. 17-cv-7066(DF), 2019 WL 699179 (S.D.N.Y. Feb. 5, 2019)..........................14

**Statutes**

29 U.S.C. § 216(b) ..............................................................................6, 8, 25

29 U.S.C. § 255(a) .........................................................................................20

29 U.S.C. § 626(b) ...........................................................................................8

Plaintiff Milan Lipstein ("Plaintiff"), by and through his undersigned counsel, Faruqi & Faruqi, LLP, hereby submits this memorandum of law in support of his renewed motion for conditional certification of a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), Court-facilitated notice to similarly situated persons, expedited disclosure of contact information, and equitable tolling of the statute of limitations.

## PRELIMINARY STATEMENT

Plaintiff alleges that Defendants have engaged in a common policy and practice of violating the FLSA by denying him and all similarly situated employees payment at one and one-half times their hourly rates for all hours worked over 40 hours in a workweek, as well as by failing to timely pay their wages. Plaintiff seeks conditional certification of the proposed FLSA Collective and dissemination of notice to the members thereof. In order to conditionally certify a collective action under the FLSA, Plaintiff need only make a "modest factual showing" that he and the other members of the proposed FLSA Collective were subjected to Defendants' common unlawful policies and practices. Plaintiff has easily met this requirement.

The pleadings, Plaintiff's declaration, and documentary evidence submitted herewith clearly demonstrate that Defendants unlawfully denied Plaintiff and the FLSA Collective overtime pay for all hours work over 40 hours in a workweek and timely payment of wages. While the Court previously denied conditional certification (without prejudice) due to insufficient details in Plaintiff's declaration, Plaintiff submits herewith a second declaration, which attests to and provides details regarding conversations he had with several colleagues about Defendant's FLSA violations, as well as Plaintiff's personal observations of the same. As such, Plaintiff has made the requisite "modest factual showing" to warrant conditional certification.

1

Finally, the Court should equitably toll the statute of limitations for all potential opt-in plaintiffs who comprise the FLSA Collective from the date Plaintiff initiated this action until the close of any Court-ordered notice period. Equitable tolling is commonly granted in FLSA collective actions, and this case should be no exception. Given that Plaintiff has diligently pursued conditional certification, that opt-in plaintiffs' claims will otherwise expire daily, and that Defendants cannot identify any prejudice they will suffer, equitable tolling is unquestionably appropriate here.

Accordingly, in fulfillment of the broad remedial purposes of the FLSA, the Court should grant conditional certification and equitably toll the statute of limitations for the FLSA Collective to provide members of the proposed FLSA Collective an opportunity to stop the daily expiration of their claims.

## PROCEDURAL HISTORY

Plaintiff commenced this action on June 8, 2022, alleging, *inter alia*, collective action claims for violations of the FLSA on behalf of himself and all Back-of-House Employees (defined *infra* at 3) who have worked for Defendants 20X Hospitality LLC d/b/a Spicy Moon ("Spicy Moon" or the "Restaurant"), June Kwan ("Kwan"), Joanna Avery ("Avery"), and Yidi Mao ("Mao") (collectively, "Defendants") at any time during the full statute of limitations period (the "FLSA Collective"). *See* Declaration of Alex J. Hartzband ("Hartzband Decl."), Exhibit A ("Complaint").[1] On August 3, 2022, Plaintiff requested leave of the Court to file an Amended Complaint adding claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") following his receipt of a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission. *See* ECF No. 17. The Court granted Plaintiff's request

---

[1] Unless otherwise noted, all exhibits to the Hartzband Decl. are cited as "Ex. __."

the next day, and he filed his Amended Complaint shortly thereafter. *See* ECF Nos. 18-19; Ex. B ("Amended Complaint").

On August 25, 2022, Plaintiff filed a motion for conditional certification of an FLSA collective action, Court-facilitated notice to similarly situated persons, expedited disclosure of contact information, and equitable tolling of the statute of limitations. *See* ECF Nos. 24-27. On January 25, 2023, the Court issued a Report and Recommendation denying Plaintiff's motion without prejudice. *See* ECF No. 61. The Court identified the following reasons for denying Plaintiff's motion: (i) insufficient detail regarding other employees in similar roles who suffered the same alleged unlawful wage practices; (ii) failure to identify the individuals referenced as "Morgan" and "Jorge" in text messages concerning non-payment of wages to employees; and (iii) that Plaintiff's proposed collective was too broad insofar as it included all employees who do not earn tips. *See id.* at 6-10. The District Court adopted the Court's Report and Recommendation on February 10, 2023. *See* ECF No. 62.

## RELEVANT FACTS

Defendants own and operate Spicy Moon, a restaurant in Manhattan, New York. Amended Complaint ¶¶ 26-40; Ex. C ("Plaintiff Amended Decl.") ¶ 3. Defendants employ several back-of-house employees—specifically, Line Cooks, Wok Cooks, Preparation Cooks, Dishwashers, and Packers (collectively, "Back-of-House Employees"). Amended Complaint ¶¶ 58-59; Plaintiff Amended Decl. ¶ 9. The FLSA Collective Plaintiff proposes herein is limited to employees who work or have worked for Defendants in one of the foregoing roles.

Defendants control and direct the terms of employment and compensation of all Back-of-House Employees. Amended Complaint ¶¶ 26-40; Plaintiff Amended Decl. ¶¶ 11-12, 15. Defendants establish, implement, disseminate, and control the employment policies applicable to

all Back-of-House Employees, including, *inter alia*, with respect to timekeeping, work allocation, task supervision, monitoring work product, and payroll.  *Id.*  Further, Defendants maintain and exercise authority to hire, fire, discipline, and promote all Back-of-House Employees.  *Id.*

Throughout the relevant time period, Defendants have engaged in a common policy and practice of denying Back-of-House Employees overtime compensation for any hours worked in excess of 40 hours in a workweek.  Amended Complaint ¶¶ 138-67; Plaintiff Amended Decl. ¶ 16. Indeed, throughout his employment with Defendants, Plaintiff worked 112 to 126 hours per week, for an average of approximately 119 hours per week, but was never paid overtime.  Amended Complaint ¶¶ 52-54; Plaintiff Amended Decl. ¶ 18.  By way of example, from October 4, 2021 to October 10, 2021, Plaintiff worked approximately 126 hours.  Amended Complaint ¶¶ 146-48; Plaintiff Amended Decl. ¶¶ 21-22.  As such, Plaintiff should have earned at least $600[2] in regular pay and $1,935[3] in overtime pay over this one-week period.  *Id.*  However, Defendants paid Plaintiff only $1,633.62.  Amended Complaint ¶ 149; Plaintiff Amended Decl. ¶ 23.

Throughout the relevant time period, Plaintiff spoke with numerous other Back-of-House Employees about their compensation, who confirmed that they too were denied overtime compensation (and, in some cases, minimum wages).  Amended Complaint ¶ 151-58; Plaintiff Amended Decl.  ¶¶ 26-29.  For example, on or around October 4, 2021, Esteban, a Dishwasher, told Plaintiff in the upstairs kitchen that Defendants never paid him overtime wages even though he routinely worked over 40 hours in a workweek.    Plaintiff Amended Decl. ¶ 27.  Similarly, in the Fall 2021, Karma, a Preparation Cook at that time, approached Plaintiff in the downstairs preparation kitchen and informed him that Defendants refused to provide him overtime wages even though he also regularly worked over 40 hours in a workweek.  *Id.* ¶ 28.  In fact, Karma told

---

[2] 40 hours x $15 per hour.
[3] 86 hours x $22.50 per hour.

Plaintiff that Defendants actually paid him at a lower rate of pay of $17.00 per hour for all overtime hours than his normal rate of $18.50 per hour.  *Id.* ¶ 29.

In an effort to conceal their unlawful wage practices, Defendants paid Esteban, Karma, Sonom  (Line Cook), Lee (Wok Cook), and other Back-of-House Employees either partially or entirely in cash.  *See* Amended Complaint ¶ 157; Plaintiff Amended Decl. ¶¶ 30-31.  Plaintiff is aware that Defendants paid these employees in cash because Kwan provided him with envelopes containing cash and instructed him to give the envelopes to Esteban, Pema, Sonom, Lee, and other Back-of-House Employees for the work they had performed during the previous workweek.  Plaintiff Amended Decl. ¶ 32.

Further, Defendants have also engaged in a common policy and practice of failing to pay Back-of-House Employees on or before their regularly scheduled paydays.  Amended Complaint ¶¶ 141, 158; Plaintiff Amended Decl. ¶ 33.  During his employment, Defendants established the Friday following each workweek as Plaintiff's and all other Back-of-House Employees' regularly scheduled payday.  Amended Complaint ¶ 140; Plaintiff Amended Decl. ¶ 34.  However, Defendants often failed to pay Plaintiff and other Back-of-House Employees on or before their regularly scheduled payday.  Amended Complaint ¶¶ 141, 158; Plaintiff Amended Decl. ¶ 35.

Indeed, Plaintiff has had conversations with several Back-of-House Employees concerning Defendants' failure timely pay wages.  Plaintiff Amended Decl. ¶ 36.  For example, in Fall 2021, Jorge, a Line Cook, told Plaintiff on several occasions while they were working together in the downstairs preparation area that Avery had repeatedly failed to process wage payments via direct deposit and, as a result, Defendants failed to timely pay him his earned wages.  *Id.* ¶ 37.  Also, on or around October 4, 2021, Esteban told Plaintiff in the upstairs kitchen that Defendants had recently shorted him $80 in earned wages in connection with the previous pay period.  *Id.* ¶ 38.

5

Additionally, Morgan, a hostess, called Plaintiff on or around October 8, 2021 and told him that Defendants had failed to pay her wages she had earned for one day of work she performed the previous workweek.  *Id.* ¶ 39.[4]  Further, on or around October 10, 2021, Pema, a Preparation Cook, approached Plaintiff in downstairs preparation kitchen and told Plaintiff that he had not received any of his earned wages in connection with the previous pay period.  *Id.* ¶ 40.

## ARGUMENT

### I.    CONDITIONAL CERTIFICATION IS APPROPRIATE

#### A.    The FLSA's Opt-In Requirement and the Need for Expedited Notice

The FLSA states, in relevant part, that:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b) ("Section 216(b)").

That is, in a collective action under Section 216(b), unlike in a class action under Federal Rule of Civil Procedure 23 ("Rule 23"), an employee is not a member of the collective until the employee affirmatively opts-in to the collective action.  *Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124 (AT), 2014 WL 1487279, at *1 (S.D.N.Y. Apr. 11, 2014) ("[P]utative class members must 'opt-in' to participate in an FLSA collective action."); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997) ("[U]nder the FLSA, potential plaintiffs must 'opt-in' to a collective action to be bound by the judgment (and to benefit from it)."); *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629 (KPF), 2013 WL 5211839, at *2 (S.D.N.Y. Sept. 16, 2013) (same).  Thus,

---

[4] As a hostess, Morgan is a front-of-house employee.  However, the fact that she, too, was denied prompt payment of her wages speaks to the common nature of Defendants' FLSA violations.

until employees are given notice and are permitted to file consent forms to opt in, the statute of limitations continues to run against them on a daily basis. *Hoffmann*, 982 F. Supp. at 260 ("[O]nly by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled."); *Mendoza*, 2013 WL 5211839, at *2 (same).

Therefore, it is critical that similarly situated employees be afforded notice as soon as possible and be provided with the opportunity to opt-in, as their claims may be reduced or extinguished daily. *Foster v. Food Emporium*, No. 99 Civ. 3860 (CM), 2000 WL 1737858, at *2 n.1 (S.D.N.Y. Apr. 26, 2000) ("Because of the statute of limitations, potential plaintiffs may be eliminated as each day goes by. For this reason, it is advisable that notice be given as soon as practicable."); *Hoffmann*, 982 F. Supp. at 262 ("[C]ourts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management."); *Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 451 (S.D.N.Y. 2013) ("Here, court-facilitated notice is appropriate 'to prevent erosion of claims due to the running statute of limitations, as well as to promote judicial economy.'") (quoting *Khamsiri v. George & Frank's Japanese Noodle Rest., Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507, at *1 (S.D.N.Y. June 1, 2012)); *Gortat v. Capala Bros., Inc.*, No. 07-cv-3629 (ILG), 2010 WL 1423018, at *9 (E.D.N.Y. Apr. 9, 2010) ("Because the statute of limitations for FLSA claims continues to run for each individual plaintiff until he or she opts in, early certification and notice are favored in order to protect plaintiffs' rights.") (internal citation omitted).

The United States Supreme Court has affirmed the importance of potential opt-in plaintiffs receiving timely notice of their potential claims. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). This seminal case sets forth the requirements for bringing a collective

action.[5]  As the Supreme Court observed, the collective action mechanism authorized by Section 216(b) "allows . . . plaintiffs the advantage of lower individual costs to vindicate [their] rights by the pooling of resources."  *Id.*  The Court went on to point out that, "[t]hese benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."  *Id.*

### B.    The Two-Step Certification Process for FLSA Collective Actions

The Second Circuit has approved a two-step process for district courts to utilize in determining whether litigants should be permitted to proceed collectively under Section 216(b). *See, e.g.*, *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (describing the two-step process in detail); *Fonseca*, 2014 WL 1487279, at *1-2 (same); *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 121 (S.D.N.Y. 2014) (same); *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (same)

First, at an early stage in litigation, the court must make an initial determination limited strictly to whether the named plaintiff is "similarly situated" to the potential members of the FLSA collective.  *Myers*, 624 F.3d at 555.  To do so, the named plaintiff need only make a very "modest factual showing" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law," after which the court should facilitate notice of the action to the potential members of the collective.  *Myers*, 624 F.3d at 555; *see also Fonseca*, 2014 WL 1487279, at *1 ("At the first stage, plaintiffs must make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law.") (internal quotation marks omitted); *Schear*, 297 F.R.D. at 121 (same); *Cunningham*, 754 F. Supp.

---

[5] While the Supreme Court's decision in *Hoffmann-La Roche* involved a collective action under the Age Discrimination in Employment Act ("ADEA"), the analysis applies to FLSA collective actions with equal force because the ADEA adopted the collective action enforcement provisions of the FLSA.  *See* 29 U.S.C. § 626(b); *Hoffmann*, 982 F. Supp. at 261 n.15.

2d at 644 (explaining need for putative collective members to affirmatively opt in to obtain relief

and noting, "[t]he 'similarly situated' standard 'is far more lenient, and indeed, materially different,

than the standard for granting class certification under Fed. R. Civ. P. 23.'") (quoting *Mazur v.*

*Olek Lejbzon Co.*, No. 05 Civ. 2194 (RMB) (DF), 2005 WL 3240472, at *2 n.1 (S.D.N.Y. Nov.

30, 2005)).  For this reason, the initial phase is called the "notice stage."[6]  *Myers*, 624 F.3d at 555

(citing *Hoffmann*, 982 F. Supp. at 261); *see also Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 336

(S.D.N.Y. 2010) (If the plaintiff can make the requisite "modest factual showing," "the court will

conditionally certify the collective action and permit notice to be sent to putative class members.").

　　"The burden for demonstrating that potential plaintiffs are 'similarly situated' is very low

at the notice stage." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y.

2007); *see also Mendoza*, 2013 WL 5211839, at *3 ("Courts may approve sending notice if

plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were

victims of a common policy or plan that violated the law' . . . The modest factual showing can be

made by relief on plaintiffs' own pleadings[.]") (quoting *Hoffmann*, 982 F. Supp. at 261) (internal

quotation marks, citations, and alterations omitted); *Cunningham*, 754 F. Supp. 2d at 644 (citing

*Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007)) ("At this first step,

the court uses a 'relatively lenient evidentiary standard to determine whether a collective action is

appropriate.'").  Plaintiff must merely provide "some factual basis from which the court can

determine if similarly situated potential plaintiffs exist." *Jackson v. N.Y. Tel. Co.*, 163 F.R.D. 429,

431 (S.D.N.Y. 1995).  "The leniency of this requirement is consistent with the broad remedial

---

[6] The "notice stage" is often referred to as "conditional certification," borrowing the term from Rule 23.  This term is somewhat of a misnomer in FLSA actions as, unlike Rule 23, Section 216(b) does not have any "certification" provision, and FLSA plaintiffs are not required to establish any of the Rule 23 categories to proceed collectively. *Mendoza*, 2013 WL 5211839, at *2 ("FLSA collective actions, unlike class actions brought under Rule 23, need not satisfy the standards of numerosity, typicality, commonality, or representativeness.").

purpose of the FLSA." *Spicer*, 269 F.R.D. at 336 (citing *Morales v. Plantworks, Inc.*, No 05 Civ. 2349 (DC), 2006 WL 278154, at *2 (S.D.N.Y. Feb. 2, 2006)).

If Plaintiff satisfies his burden of showing that similarly situated employees exist, the Court should conditionally certify the collective and order that appropriate notice be given to the members of the putative FLSA Collective to afford them the opportunity to opt-in to the action. *Cunningham*, 754 F. Supp. 2d at 644; *see also Lynch*, 491 F. Supp. 2d at 368 (citing *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006)) ("Once notice is accomplished, the action proceeds as a collective action throughout the discovery process.").

Second, typically after a substantial period of discovery has been completed, the defendants may move for "decertification," where the district court will be asked to conduct a somewhat more stringent analysis of whether the plaintiffs who have opted-in to the FLSA Collective are in fact "similarly situated" to the named Plaintiff. *Myers*, 624 F.3d at 555; *Fonseca*, 2014 WL 1487279, at *2 ("At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs."); *Schear*, 297 F.R.D. at 121 (same). The action may be "decertified" if the record reveals that the named plaintiff and the FLSA collective are not similarly situated, and the opt-in plaintiffs' claims may be dismissed without prejudice. *Id.* This second step "utilizes a more stringent factual determination . . . because the court is able to examine whether the *actual* plaintiffs brought into the case are similarly situated." *Cunningham*, 754 F. Supp. 2d at 644 (internal citation and quotation marks omitted).

Pursuant to the two-step certification process outlined above, the underlying merits of Plaintiff's claims should not be litigated at this initial notice stage, but rather at summary judgment and/or trial. *See, e.g.*, *Fonseca*, 2014 WL 1487279, at *3 ("[M]erits based arguments are premature

on a motion for conditional certification and must wait for summary judgment and/or trial."); *Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. Jun. 2, 2010) ("Weighing of the merits [when deciding conditional certification] is absolutely inappropriate."); *Lynch*, 491 F. Supp. 2d at 368-69 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations"); *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971, at *5 (S.D.N.Y. Oct. 5, 2006) ("[A]ttacks on plaintiffs' affidavits and other evidence" are premature at the notice stage).

**C.    Plaintiff Has Made the Required Showing That He and the Members of the FLSA Collective are Similarly Situated**

As stated above, to meet the minimum burden required for conditional certification, Plaintiff must make only a "modest factual showing" that he and the members of the putative FLSA Collective "together were victims of a common policy or plan that violated the law."  *See Myers*, 624 F.3d at 555 (citing *Hoffmann*, 982 F. Supp. at 261).  This burden may be "satisfied with 'substantial allegations' of a factual nexus between Plaintiff and potential opt-in plaintiffs with regard to their employer's alleged FLSA violation."  *Cohen v. Gerson Lehrman Grp., Inc.*, 686 F. Supp. 2d 317, 326 (S.D.N.Y. 2010); *see also Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008) ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members."); *Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14-cv-2848 (SHS), 2015 WL 1514950, at *3 (S.D.N.Y. Apr. 1, 2015) (finding single plaintiff declaration sufficient to conditionally certify a collective of four restaurants).

Issuance of notice is frequently based largely on employee declarations, and very often when there is only a single declaration. *See, e.g.*, *Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 3d

310, 318 (E.D.N.Y. 2016) ("[C]ourts have routinely found that the allegations in the pleadings and the 'personal observations of one plaintiff's affidavit' are 'sufficient to make the modest factual showing necessary to conditionally certify [a] class.'") (citing *Hernandez v. NGM Mgmt. Grp. LLC*, No. 12-cv-7795, 2013 WL 5303766, at *3 (S.D.N.Y. Sept. 20, 2013)); *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14-cv-2625 (RJS), 2015 WL 4240985 (S.D.N.Y. July 13, 2015) (conditional certification based on one plaintiff's declaration); *Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75 (KBF), 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013) (single declaration); *Khamsiri*, 2012 WL 1981507 (single declaration); *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 82 (E.D.N.Y. 2008) (no corroborating evidence besides plaintiff's declaration).

Here, Plaintiff has made a substantial showing that he and all other Back-of-House Employees were and are subject to the same common policy that violates the FLSA. Indeed, Plaintiff has provided sworn allegations in his Complaint, as well as sworn testimony in his declaration. *See generally* Amended Complaint; Plaintiff Amended Decl. In his declaration, Plaintiff has demonstrated that Defendants committed similar FLSA violations against other Back-of-House Employees through a detailed accounting of his observations and conversations with several colleagues throughout his employment. *See supra* pp. 5-6; Plaintiff Amended Decl. ¶¶ 26-40. Plaintiff has provided the names of employees who he spoke with, where those conversations took place, and the approximate date of the conversations. *See id.*

Additionally, the instant motion is supported by documentary evidence in the form of Plaintiff's paystubs, which show Defendant's practice of failing to pay overtime (instead improperly paying Plaintiff on a salary basis). *See* Ex. D. Further, Plaintiff submits herewith excerpts of his text message exchanges with Avery, Spicy Moon's General Manager, which reflect discussions about underpayment of wages, "cut[ting] OT across the board," late payment of wages

to Back-of-House Employees other than Plaintiff, and paying Back-of-House Employees in cash. *See* Ex. E. The text messages also demonstrate the Plaintiff regularly had conversations with other Back-of-House Employees about Defendants' violations of the FLSA. *See generally* Ex. E (text messages in which Plaintiff discusses information about Defendants' FLSA violations as to other Back-of-House Employees that he could only have learned through observations or conversations with colleagues).

These sworn allegations, testimony, and documentary evidence confirm that Plaintiff and the members of the putative FLSA Collective were all victims of the same unlawful policy. Put simply, Plaintiff has made far more than the requisite "modest factual showing" that he and the members of the putative FLSA Collective "together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555. Therefore, the Court should grant conditional certification.

## II.    PLAINTIFF HAS OFFERED SUFFICIENT ADDITIONAL DETAILS TO SUPPORT CONDITIONAL CERTIFICATION AND HAS OTHERWISE ADDRESSED THE DEFICIENCIES NOTED BY THE COURT IN ITS PRIOR REPORT AND RECOMMENDATION

As noted above, in its Report and Recommendation, the Court—while acknowledging that conditional certification may be granted upon the declaration of a single employee—identified the following reasons for denying Plaintiff's initial motion for conditional certification: (i) insufficient detail regarding other employees in similar roles who suffered the same alleged unlawful wage practices; (ii) failure to identify the individuals referenced as "Morgan" and "Jorge" in text messages concerning non-payment of wages to employees; and (iii) that Plaintiff's proposed collective was too broad insofar as it included all employees who do not earn tips. *See* ECF No. 61 at 6-10. As reflected in Plaintiff's declaration and outlined below, Plaintiff has addressed each of these concerns.

13

First, the Court noted that Plaintiff's attestations about conversations with other Back-of-House Employees lacked sufficient detail regarding those conversations, including details about the other Back-of-House Employees' hours worked and the amounts they were paid, and also did not state that the Back-of-House Employees at issue themselves told Plaintiff about unlawful conduct with respect to their pay. *See id.* at 8-9.

Plaintiff has addressed this deficiency. Specifically, Plaintiff's declaration has been supplemented to identify other Back-of-House Employees by name[7] and now provides additional details regarding the sources of Plaintiff's knowledge. *See* Plaintiff Amended Decl. ¶¶ 26-42. Indeed, where Plaintiff learned the relevant information through conversations with Back-of-House Employees, he provides the approximate date and location of those conversations, as well as the particular information Back-of-House Employees shared with him regarding their hours worked and non-payment or late payment of their wages. *See id.* ¶¶ 27-29, 37-42. Where Plaintiff learned the facts he alleges through his own observations—namely, by Kwan providing him with cash envelopes to pay certain Back-of-House Employees—he states as much in his updated declaration as well. *See id.* ¶¶ 31-32.

In its Report and Recommendation, the Court specifically highlighted *Zhang v. Hiro Sushi at Ollie's Inc.*, No. 17-cv-7066(DF), 2019 WL 699179 (S.D.N.Y. Feb. 5, 2019), wherein conditional certification was granted because the plaintiff "described conversations with several other current and former delivery workers, and had attested that, based on those conversations, the other workers were paid at the same rate as he was, which was below the minimum wage." ECF No. 61 at 6-7. Similarly, as outlined above, Plaintiff now describes his conversations with other Back-of-House Employees, during which those Back-of-House Employees shared information

---

[7] Plaintiff references the Back-of-House Employees mentioned in his declaration by first name only, as he is unaware of their surnames.

about, *inter alia*, their hours worked and the non-payment or late payment of their wages.  *See* Plaintiff Amended Decl. ¶¶ 26-42.

Plaintiff's new declaration also provides sufficient evidence to support conditional certification under the authorities cited by the Court in the relevant portions of its Report and Recommendation.   Specifically, the Court cited to several decisions wherein conditional certification was denied because the plaintiffs' declarations: (i) did not allege facts regarding other employees in similar roles; (ii) lacked sufficient detail about conversations with such employees; or (iii) only stated generally that such employees told plaintiffs they were not paid properly, without more.  *See* ECF No. 61 at 7-9, n.1; *Jung v. Gina Grp., LLC*, No. 19-cv-8624(MKV), 2021 WL 4120642, at *3-4 (S.D.N.Y. Sept. 9, 2021) (denying conditional certification because plaintiff's declaration offered "no personal observations, hearsay evidence, or specific factual details" regarding other employees); *Huertero-Morales v. Raguboy Corp.*, No. 17 Civ. 2429(JCF), 2017 WL 4046337, at *3 (S.D.N.Y. Sept. 12, 2017) (denying conditional certification because plaintiff's allegations provided no details regarding his conversations with other employees, save for one employee who told plaintiff that he was "not getting paid for all the hours he actually" worked while omitting details regarding when or at which restaurant this was said, and because paystubs contradicted plaintiff's allegations); *She Jian Guo v. Tommy's Sushi Inc.*, No. 14-cv-3946(PAE), 2014 WL 5314822, at *3-4 (S.D.N.Y. Oct. 16, 2014) (narrowing scope of conditionally certified collective because "Plaintiffs' submissions do not contain any allegations regarding, for example, the specific hours worked by, or the amounts paid to, other employees"); *Ikikhueme v. CulinArt, Inc.*, No. 13-cv-293(JMF), 2013 WL 2395020, at *2 (S.D.N.Y. June 3, 2013) (denying conditional certification because plaintiff alleged only that it was his "*understanding* that the other Sous Chef employees of Defendants had similar duties and

responsibilities and also were not managers") (emphasis in original); *Ali v. N.Y. City Health and Hosps. Corp.*, No. 11-cv-6393(PAC), 2013 WL 1245543, at *3 (S.D.N.Y. Mar. 27, 2013) (denying conditional certification because, while plaintiff alluded to conversations with other respiratory therapists, he did not "provide any information about where these respiratory therapists worked or, more importantly, why they worked more than 40 hours"); *see also Huer Huang v. Shanghai City Corp.*, No. 19-cv-7702(LJL), 2020 WL 5849099, at *12 (S.D.N.Y. Oct. 1, 2020) (denying conditional certification because plaintiffs offered no evidence that defendants' pay practices continued after they were sued for the same FLSA violations, instead offering only evidence of conduct before the prior lawsuit was initiated).

Conversely, here, Plaintiff now alleges—in addition to details about his personal observations of unlawful wage practices—the details of various conversations he had with other Back-of-House Employees, including, *inter alia*, the dates of such conversations, where they occurred, and the specific information the Back-of-House Employees disclosed about their wages and hours worked. *See* Plaintiff Amended Decl. ¶¶ 26-42. Indeed, the authorities cited by the Court in its Report and Recommendation wherein conditional certification was granted provide far more apt comparisons to the detailed allegations with which Plaintiff has now supplemented his declaration. *See* ECF No. 61 at 7-8 n.1; *Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14-cv-2848(SHS), 2015 WL 1514950, at *4 (S.D.N.Y. Apr. 1, 2015) (granting conditional certification because, "[f]or each purported violation, Zhuo describes either observing that violation as to other employees or being told about the same violation by one or more coworkers"); *Sanchez v. JMP Ventures, L.L.C.*, No. 13 Civ. 7264(KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (denying conditional certification because, while plaintiff alleged he spoke with other employees about the alleged common wage practices, he did not "provide *any* detail as to a *single* such

observation or conversation") (emphasis in original); *Hernandez v. Bare Burger Dio Inc.*, No. 12 Civ. 7794(RWS), 2013 WL 3199292, at *2 (S.D.N.Y. June 25, 2013) (granting conditional certification where plaintiff "personally observed that other tipped employees were also paid below the statutory wage").

Second, the Court noted that the text messages between Plaintiff and Avery previously submitted in support of conditional certification (*see* Ex. E) do not identify any of the individuals referenced therein, and do not show that Plaintiff learned about those individuals' issues with their pay through conversations with them or Plaintiff's own observations.  In his new declaration, Plaintiff identifies the two employees at issue—Morgan and Jorge—by their job titles, and describes conversations with them about the unlawful wage practices alleged, including specifying the approximate dates, location, and substance of his conversations with Morgan and Jorge, respectively.  *See* Plaintiff Amended Decl. ¶¶ 37, 39.  The text messages with Avery also reference employees named Pema, Esteban, Karma, and Leonel.  *See* Ex. E at 3-10.  Plaintiff's updated declaration provides similar details regarding conversations with each of those Back-of-House Employees through which Plaintiff learned that they, too, were subjected to the same unlawful wage practices.  *See* Plaintiff Amended Decl. ¶¶ 27-29, 36-42.

Lastly, the Court took issue with Plaintiff's proposed collective which, in addition to referencing job titles of Back-of-House Employees, included "all other employees who are not paid tips."  In the instant motion, Plaintiff narrows his definition of the FLSA Collective to include only Line Cooks, Wok Cooks, Preparation Cooks, Dishwashers, and Packers, without including a catch-all for employees in other back-of-house positions.  *See supra* at 3.  Crucially, Plaintiff provides evidence that employees in each of these four of the five job titles were subjected to the same unlawful wage practices Plaintiff alleges.  *See* Plaintiff Amended Decl. ¶¶ 26-42; *see also*

17

Ex. E (referencing non-payment or late payment of wages to Jorge (Line Cook), Pema (Preparation Cook), Karma (same), Esteban (Dishwasher), and Leonel (Line Cook)).

## III.    THE COURT SHOULD AUTHORIZE PROMPT NOTICE OF THE INSTANT MATTER TO THE FLSA COLLECTIVE

### A.    Expedited Notice and Disclosure of Contact Information Is Necessary

Plaintiff respectfully requests expedited disclosure of contact information to send notice of this action to all potential opt-in plaintiffs as expeditiously as possible.  As previously noted, until the absent members of the putative FLSA Collective opt into this action, the statute of limitations is running against them on a daily basis.  Accordingly, the timing of the notice is of great significance.  *See Foster*, 2000 WL 1737858, at *2 n.1 ("[B]ecause of the statute of limitations, potential plaintiffs may be eliminated as each day goes by.  For this reason, it is advisable that notice be given as soon as practicable."); *Ramos v. PJJK Rest. Corp*., No. 15-cv-5672 (PKC), 2016 WL 1106373, at *2 (S.D.N.Y. Mar. 10, 2016) ("Courts need not wait for defendants to begin or complete discovery before approving a conditional collective action; rather courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management") (internal quotation marks omitted).  Here, it is imperative that Back-of-House Employees who comprise the putative FLSA Collective receive prompt notice, as many of them have been employed by Defendants for over three years or are no longer working for Defendants.  Thus, those Back-of-House Employees risk having their claims extinguish if they do not receive notice and an opportunity join this proceeding.

### B.    Plaintiff's Proposed Notices Are Appropriate in All Respects

Plaintiff proposes that the Court authorize the distribution of a Notice of Pendency and Consent Form in English and Spanish advising all potential opt-in plaintiffs of their right to join this collective action.  Specifically, Plaintiff requests that Notices of Pendency and Consent to Join

Forms be disseminated to the putative FLSA Collective via certified mail and email. *See* Ex. F (Proposed Notice of Pendency and Consent to Join Form to be sent via certified mail and as an attachment to the email notice (Ex. G)); Ex. G (Proposed Notice of Pendency to be sent via email). Further, Plaintiff requests that Notices of Pendency and Consent to Join forms be disseminated via text message and posted prominently in the Restaurant. *See* Ex. H (Proposed Notice of Pendency to be sent via text message); Ex. I (Proposed Notice of Pendency to be posted in the Restaurant). This is to ensure and provide the greatest likelihood that the members of the putative FLSA Collective receive notice of this action.

Plaintiff's proposed notices are "timely, accurate, and informative," and therefore should be approved. *Hoffmann-La Roche*, 493 U.S. at 172. Courts in this Circuit have approved similar notice by mail and email. *See, e.g., Pippins v. KPMG LLP*, No. 11-cv-0377 (CM) (JLC), 2012 WL 19379, at *14 (S.D.N.Y. Jan. 3, 2012) (ordering notice sent by email and finding that "given the reality of communications today . . . the provision of email addresses and email notice in addition to notice by first class mail is entirely appropriate."); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 324 (S.D.N.Y. 2007) (ordering production of email addresses).

Additionally, courts in this Circuit have approved similar notices by text message. *See, e.g., Cabrera v. Stephens*, No. 16-cv-3234 (ADS) (SIL), 2017 WL 4326511, at *8 (E.D.N.Y. Sept. 28, 2017) ("[P]ractical requests such as [text messaging] . . . further the purpose of notice of a collective action under the FLSA."); *Martin v. Sprint/United Mgmt. Co.*, No. 15 Civ. 5237 (PAE), 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016) (authorizing dissemination of notice by text message); *Bhumithanarn*, 2015 WL 4240985, at *5 ("[G]iven the high turnover characteristic of the [defendants'] industry, the Court finds that notice via text message is likely to be a viable and efficient means of communicating with many prospective members of this collective action.").

Similarly, courts in this Circuit have consistently approved similar notice by workplace posting. *See, e.g.*, *Wang v. Empire State Auto Corp.*, No. 14 Civ. 1491 (WFK) (VMS), 2015 WL 4603117, at \*17 (E.D.N.Y. June 29, 2015) (recommending that the defendants be ordered to post notice in a reasonable location at Defendants' worksites); *Enriquez v. Cherry Hill Mkt. Corp.*, No. 10-CV-5616 (FB) (ALC), 2012 WL 440691, at \*5 (E.D.N.Y. Feb. 10, 2012) ("Posting the notice is a reasonable means of assuaging the vagaries of notice by mail, and would not unduly burden the defendants."); *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 669 (S.D.N.Y. 2013) (approving request to post workplace notice); *Kemper v. Westbury Operating Corp.*, No. 12-CV-0895 (ADS)(ETB), 2012 WL 4976122, at \*7 (E.D.N.Y. Oct. 17, 2012) (approving request to post at defendants' business locations); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail.").

To provide the members of the putative FLSA Collective with notice of this action, Plaintiff requires the names and contact information for those individuals. *See Hoffmann-LaRoche*, 493 U.S. at 170 ("The District Court was correct to permit discovery of the names and addresses of the discharged employees."); *Lynch*, 491 F. Supp. 2d at 371 (explaining that "identification [of similarly situated employees] is necessary so that [plaintiff] can provide them with notice of this action"). Thus, Plaintiff respectfully requests that Defendants be ordered to provide the names, last known addresses, telephone numbers, email addresses, and dates of employment of all Back-of-House Employees employed by Defendants for a period of three years prior to the filing of the Complaint, in a computer-readable list.

A three-year time frame is appropriate given that the FLSA expressly permits a three-year statute of limitations to remedy willful violations of thereof. 29 U.S.C. § 255(a); *see also Gaspar*

*v. Personal Touch Moving, Inc.*, No. 13-cv-8187 (AJN), 2014 WL 4593944, at *6 (S.D.N.Y. Sept. 15, 2014) (finding a three-year notice period appropriate); *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 WL 4702840, at *12 (S.D.N.Y. Oct. 23, 2008) ("Courts that have faced this issue routinely approve a three-year notice period."). In short, there is no downside to providing notice to the Back-of-House Employees—the crux of conditional certification—but there is serious prejudice in delaying the same.

## IV.    THE COURT SHOULD GRANT CONDITIONAL CERTIFICATION DESPITE DEFENDANTS' PARTIAL MOTION TO DISMISS

The fact that Defendants have moved to dismiss some of Plaintiff's claims (*see* ECF Nos. 54-60) in no way cuts against conditionally certifying the proposed FLSA collective or has any bearing on the Court's analysis. As a preliminary matter, while Defendants move to dismiss Plaintiff's FLSA claims against Kwan and Plaintiff's FLSA late payment claims against all Defendants, they do not seek dismissal of Plaintiff's FSLA claim for unpaid overtime against Spicy Moon, Avery, and Mao. *See* ECF No. 54. As such, it is a partial motion to dismiss and, even if the Court grants Defendants' motion its entirety, Plaintiff's FLSA claim for unpaid overtime against Spicy Moon, Avery, and Mao will proceed.

Regardless, there is plenty of support for the proposition that motions for conditional certification can and should be decided while a motion to dismiss is pending. *See, e.g.*, *Ji Li v. Ichiro Rest. Inc.*, No. 14 Civ. 10242 (AJN) (JCF), 2015 WL 6828056, at *1, 7 (S.D.N.Y. Nov. 5, 2015) (granting motion for conditional certification while motion to dismiss was still pending); *Yahraes v. Rest. Assocs. Events Corp.*, No. 10-CV-935 (SLT), 2011 WL 844963, at *1-2, n.4 (E.D.N.Y. Mar. 8, 2011) (considering motion for conditional certification after defendants filed pre-motion conference letter concerning anticipated motion to dismiss).

Although out-of-Circuit, the court in *Guy v. Casal Inst. of Nevada, LLC*, No. 2:13-cv-02263 (APG), 2014 WL 1899006, at *6 (D. Nev. May 12, 2014) explained its rationale for authorizing notice before deciding a pending motion to dismiss, which is highly instructive here:

> The Court [ ] finds no basis to defer authorizing the sending of notice until the Court rules on Defendants' pending motion to dismiss . . . [ ] *if the Court deferred the sending of notice, the statute of limitations would continue to run and the claims of some potential opt-in plaintiffs would likely become time barred, in whole or in part, before they had the opportunity to opt-in.* Finally, the primary burden and expense of sending notice falls on the named Plaintiff and her counsel. *The relatively minor burden and inconvenience that Defendant will avoid if this action is later dismissed, does not outweigh the interest in moving this action forward.*

*Id.* (emphasis added).

Accordingly, the Court should grant the instant motion and authorize the dissemination of notice to the FLSA Collective as soon as possible, rather than waiting until after a decision on Defendants' partial motion to dismiss.

## V.    <u>EQUITABLE TOLLING SHOULD BE GRANTED TO PROTECT THE RIGHTS OF THE FLSA COLLECTIVE</u>

Plaintiff respectfully moves for equitable tolling of the statute of limitations for the putative FLSA Collective from August 25, 2022—the date Plaintiff filed the instant motion—until the close of any Court-ordered opt-in period.   "Courts routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions." *Yahraes v. Rest. Assocs. Events Corp.*, No. 10-CV-935 (SLT), 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011) (quoting *Antonio-Morales v. Bimbo's Best Produce, Inc.*, No. CIV.A.8:5105, 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009) (collecting cases)); *Iriarte v. Café 71, Inc.*, No. 15 Civ. 3217 (CM), 2015 WL 8900875, at *7 (S.D.N.Y. Dec. 10, 2015) ("Due to docket congestion this Court was unable to address Plaintiff's motion for some months after it was made.  The claim should not be prejudiced

by this delay. The statute of limitations will be tolled as of the date of the filing of Plaintiff's motion for conditional certification.").

"In determining whether equitable tolling is warranted, the Second Circuit has stated that a court 'must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Yahraes*, 2011 WL 844963, at *1 (quoting *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003)). District Courts in the Second Circuit have held:

> [T]he delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a[n] FLSA case, may be deemed an extraordinary circumstance justifying application of the equitable tolling doctrine. While plaintiffs wishing to pursue their rights cannot sit on them indefinitely, those whose putative class representatives and their counsel are diligently and timely pursuing the claims should also not be penalized due to the courts' heavy dockets and understandable delays in ruling.

*Schaefer v. M & T Bank Corp.*, 122 F. Supp. 3d 189, 198 (S.D.N.Y. 2015) (quoting *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012)

Here, equitable tolling is appropriate because Plaintiff has acted diligently during the period for which he seeks equitable tolling for the FLSA Collective. Indeed, just two days after the expiration of all Defendants time to respond to the Complaint, Plaintiff moved the Court for leave to file an Amended Complaint adding claims under Title VII. After leave was granted, Plaintiff promptly filed his Amended Complaint. Plaintiff now pursues the instant motion before Defendants' time to respond to the Amended Complaint has expired. While Plaintiff has not moved for default judgment, he has elected not to do so at this time to preserve the interests of the FSLA Collective, who would not be able to recovery under a default judgment prior to joining the

23

instant action.  *See supra* § III(B).  Thus, the Court should equitably toll the statute of limitations for members of the FLSA Collective.

Lastly, equitably tolling the statute of limitations from the date of the instant filing through the close of any Court-ordered opt-in period is appropriate.  "In the Second Circuit, . . . 'equitable tolling is commonly granted upon the filing of a motion for conditional certification of a collective action.'"  *Varghese v. JP Morgan Chase & Co.*, No. 14 Civ. 1718 (PGG), 2016 WL 4718413, at *11 (S.D.N.Y. Sept. 9, 2016) (quoting *Xiao Ling Chen v. XpresSpa at Term. 4 JFK, LLC*, No. 15 CV 1347 (CBA)(CLP), 2016 WL 11430475, at *10 (E.D.N.Y. Feb. 16, 2016)) (collecting cases); *see also Schaefer*, 122 F. Supp. 3d at 198 ("Typically, equitable tolling results in the look-back period being keyed to the date of the filing of the motion seeking court-authorized notice."). Accordingly, the Court should grant equitably tolling for all members of the FLSA Collective from August 25, 2022 through the close of the opt-in period.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the instant motion for conditional certification and authorize that notice be disseminated to potential members of the FLSA Collective in accordance with 29 U.S.C. § 216(b), together with such further relief as the Court deems just and proper.

Dated:  April 25, 2023                                            **FARUQI & FARUQI, LLP**
        New York, New York

                                                                 By: */s/ Alex J. Hartzband*
                                                                     Alex J. Hartzband
                                                                     Taylor J. Crabill

                                                                 685 Third Avenue, 26th Floor
                                                                 New York, New York 10017
                                                                 Tel: 212-983-9330
                                                                 Fax: 212-983-9331
                                                                 ahartzband@faruqilaw.com

tcrabill@faruqilaw.com

*Attorneys for Plaintiff and*
*the Proposed FLSA Collective*