UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MILAN LIPSTEIN, on behalf of himself and
others similarly situated,

                              Plaintiff,

              v.

20X HOSPITALITY LLC d/b/a SPICY
MOON, et al.,

                              Defendants.

22 Civ. 4812 (DEH)

**MEMORANDUM OPINION
AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Milan Lipstein asserts claims under the Fair Labor Standards Act ("FLSA"),

purportedly on behalf of himself and all others similarly situated, against Defendants 20X

Hospitality LLC d/b/a Spicy Moon ("Spicy Moon" or the "Restaurant"), June Kwan ("Kwan"),

Joanna Avery ("Avery"), and Yidi Mao ("Mao").  Lipstein alleges that Defendants failed to pay

"Back-of-House Employees"[1] for overtime wages and on or before their regularly scheduled

paydays.  Plaintiff moves for an order (1) conditionally permitting them to proceed as a

collective action pursuant to 29 U.S.C. § 216(b); (2) compelling Defendants to furnish contact

information for individuals in the collective on an expedited basis; and (3) authorizing Plaintiff

to circulate a Notice of Pendency and Consent to Join Form to those in the collective.

Magistrate Judge Jennifer E. Willis is assigned this action for general pretrial supervision.

ECF No. 31.  On January 24, 2024, Magistrate Judge Willis issued a Report and

Recommendation (the "2024 Report") recommending that Plaintiff's motion be granted.  2024

Report 25, ECF No. 80.  Defendants filed timely objections to certain aspects of the Report on

---

[1] "Back-of-House Employees" is defined as "all Line Cooks, Wok Cooks, Preparation Cooks, Dishwashers, and Packers excluding the Executive Chef."  ECF No. 61.

February 7, 2024 (the "Objections").  ECF No. 81.  On March 13, 2024, Plaintiff filed a

Response to Defendants' Objections ("Plaintiff's Response").  ECF No. 85.

After reviewing the 2024 Report, Defendants' Objections, and Plaintiff's Response, the

Court adopts Magistrate Judge Willis' well-reasoned recommendation in its entirety, for the

reasons stated below.

## BACKGROUND

Familiarity with the relevant factual background and procedural history as set out in

Magistrate Willis' 2024 Report is assumed; the following background addresses only those

issues pertinent to the Renewed Motion for Conditional Certification of an FLSA collective.

On January 25, 2023, Magistrate Judge Willis issued a Report and Recommendation (the

"2023 Report") recommending that Plaintiff's Motion for Conditional Certification be denied

without prejudice.  2023 Report 1-2, ECF No. 61.  The 2023 Report recommended denying

Plaintiff's motion because of three deficiencies.  First, Plaintiff failed to include sufficient detail

about the employees who were purportedly similarly situated to Plaintiff.  *Id.* at 8.  Second,

Plaintiff failed to identify the individuals referenced in text messages about the non-payment of

wages to employees.  *Id.* at 9.  Third, the 2023 Report found it "problematic" that Plaintiff

purported to certify a collective of "all other employees who are not paid tips."  *Id.* at 10.

Defendants did not file objections to the 2023 Report.  ECF No. 62.  On February 10, 2023, the

Court adopted the 2023 Report.  *Id.*

On April 25, 2023, Plaintiff filed a Renewed Motion for Collective Certification.[2]  ECF

No. 64.  Magistrate Judge Willis issued the 2024 Report on January 24, 2024, recommending

---

[2] Plaintiff's First Motion for Conditional Certification was based on the First Amended
Complaint filed on August 8, 2022.  ECF No. 19.  On November 23, 2022, Plaintiff filed a
Second Amended Complaint, ECF No. 53, but the 2023 Report did not consider it.  ECF No. 61.

that Plaintiff's Motion for Collective Certification be granted.  2024 Report 25.  Defendants

timely filed the Objections on February 7, 2024.  Objections 2.

Defendants identify three purported flaws in their Objections to the 2024 Report, arguing

that: (1) Plaintiff failed to provide sufficient detail that he was similarly situated to the back-of-

house employees, *id.* at 5; (2) discovery has demonstrated that Plaintiff was exempt from FLSA

and not similarly situated to back-of-house employees, *id.* at 3-4; and (3) the Report

recommended that the collective be certified to include employees working in the two Spicy

Moon restaurant locations, even though Plaintiff did not make any allegations as to the second

location.  *Id.* at 13.  The Court considers each of these arguments in turn.

## LEGAL STANDARDS

### A.  Conditional Certification

The FLSA provides that "any one or more employees" may bring an action against an

employer "for and on behalf of himself or themselves and other employees similarly situated."

29 U.S.C. § 216(b).  "[D]istrict courts 'have discretion, in appropriate cases, to . . . facilitat[e]

notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as

represented plaintiffs.'"  *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting

*Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).[3]

Courts in this Circuit apply a "sensible" two-step method for determining whether to

exercise this discretion.  *See id.* at 554-55; *accord Glatt v. Fox Searchlight Pictures, Inc.*, 811

---

The Renewed Motion for Conditional Certification is based on the Second Amended Complaint
and the Amended Lipstein Declaration.  ECF Nos. 66-3, 64.

[3] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation
marks, brackets, and ellipses, unless otherwise indicated.  All references to Rules are to the
Federal Rules of Civil Procedure.

F.3d 528, 540 (2d Cir. 2016).  This process entails analyzing whether prospective plaintiffs are "similarly situated" at two different stages: an early "notice stage," and again after discovery is largely complete.  *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012).

The first step is known as conditional certification.  "At step one, the district court permits a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law." *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 515 (2d Cir. 2020). During the initial conditional certification stage, the requirement of a "modest factual showing" cannot be satisfied solely by the "unsupported assertions" in the plaintiff's pleading, *Myers*, 624 F.3d at 555, or by allegations made on "information and belief." *McGlone*, 867 F. Supp. 2d at 444.  This requirement, however, remains a low standard of proof because the purpose of this first stage is "merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555.  This low standard is appropriate because conditional certification is merely "a useful 'case management' tool" that "facilitate[s] the sending of notice to potential class members." *Id.* at 555 n.10 (quoting *Hoffmann-La Roche Inc.*, 493 U.S. 165, 174 (1989)).

Consistent with the "minimal" burden of proof assigned to plaintiffs at the conditional certification stage, the court "should not weigh the merits of the underlying claims," *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013) (internal citations omitted), and should not "resolve factual disputes, decide substantial issues going to the ultimate merits, or make credibility determinations." *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 158 (S.D.N.Y. 2014). Thus, where there is a conflict between the parties regarding the facts underlying plaintiff's wage and hour claims, the court should treat plaintiff's attestations as true. *See Cortes v. New Creators, Inc.*, No. 15 Civ. 5680, 2015 WL 7076009, at *1 n.1 (S.D.N.Y. Nov. 12, 2015).

In the second stage, which typically occurs after discovery is complete, *Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 560 (S.D.N.Y. 2015), the court determines whether the opt-in plaintiffs are, in fact, "similarly situated" to the named plaintiffs. *McGlone*, 867 F.Supp.2d at 442. If the record reveals that they are not, the court may "de-certify" the collective action and dismiss those plaintiffs' claims without prejudice. *Myers*, 624 F.3d at 555.

### B. Review of a Report and Recommendation

"A motion for conditional FLSA certification is a non-dispositive motion and therefore reviewed pursuant to Rule 72(a)." *Onate v. AHRC Health Care, Inc.*, No. 20 Civ. 8292, 2023 WL 1861225, at *4 (S.D.N.Y. Feb. 9, 2023); *accord Estrada v. Kingsbridge Marketplace Corp.*, No. 17 Civ. 9890, 2018 WL 11583444, at *1 n.1 (S.D.N.Y. Oct. 16, 2018) (noting that a Magistrate Judge need not style a decision on conditional certification as a report and recommendation because it is non-dispositive). For non-dispositive motions, including those for conditional certification, a district court must "consider timely objections and modify or set aside any part of [the Opinion] that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also Ke v. JR Sushi 2 Inc.*, No. 19 Civ. 7332, 2021 WL 465359, at *1 (S.D.N.Y. Feb. 9, 2021) (reviewing the report and recommendation under a clearly erroneous or contrary to law standard); *accord Brown v. Barnes & Noble, Inc.*, No. 16 Civ. 7333, 2019 WL 5188941, at *1 (S.D.N.Y. Oct. 15, 2019) (same). When a party "simply reiterates the original arguments" before the Magistrate Judge, as Defendants have done here, "the court will review the report and recommendation only for clear error." *Moise v. Fields*, No. 19 Civ. 11964, 2021 WL 6133992, at *2 (S.D.N.Y. Dec. 29, 2021); *accord Farsura v. QC Terme US Corp.*, No. 21 Civ. 9030, 2023

WL 4348388, at *1 (S.D.N.Y. July 5, 2023) (same).  Defendants do not dispute that the clear

error standard is the applicable legal standard here.  Objections 5.[4]

A finding is clearly erroneous "only if the reviewing court is left with the definite and

firm conviction that a mistake has been committed."  *Clerveaux v. E. Ramapo Cent. Sch. Dist.*,

984 F.3d 213, 228 (2d Cir. 2021) (internal quotation marks omitted).  A ruling contradicts law

"when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *NIKE,*

*Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018).  "Because the standard is highly

deferential, the objector" to a non-dispositive pretrial order "carries a heavy burden."  *PWV*

*Consultants LLC v. Chebil Realty LLC*, No. 20 Civ. 9030, 2022 WL 562220, at *3 (S.D.N.Y.

Feb. 24, 2022) (internal quotation marks omitted).

### DISCUSSION

**A.  Whether Plaintiff Provided Sufficient Detail**

The 2024 Report recommended granting Plaintiff's motion in part because Plaintiff

Lipstein filed an Amended Declaration in which he sufficiently identified similarly situated

employees who suffered the same alleged unlawful wage practices.  2024 Report 9.  While the

2023 Report had determined that there was insufficient detail regarding other employees, the

Amended Lipstein Declaration identified Morgan, the Hostess; Jorge, the Line Cook; Pema, the

Preparation Cook; and Leonel, the Line Cook; by both first name and by job title.  Am. Lipstein

Decl. ¶¶ 37-41, ECF No. 66-3.  Plaintiff's amended declaration also provided additional details

---

[4] Defendants also contend, however, that the *de novo* standard is also applicable.  Objections 4.
Some courts in this Circuit have treated motions for conditional collective certification as
dispositive, and/or otherwise have reviewed a magistrate judge's report and recommendation on
such motions under a *de novo* standard.  *See Kwan v. Sahara Dreams Co. II Inc.*, No. 17 Civ.
4058, 2021 WL 2843100, at *2 (S.D.N.Y. July 7, 2021) (reviewing the report and
recommendation on conditional collective certification under *de novo* review).  While the Court
applies clear error review, it also determines, for the reasons stated throughout, that reviewing
the 2024 Report under the *de novo* standard would not change the outcome of this motion.

about the "unlawful pay practices" the other employees had experienced.  *Id.* ¶¶ 24-25, 36-42.

Thus, the 2024 Report recommended granting conditional certification based on the additional

information Lipstein provided about his personal experiences and conversations with other

employees.  *See id.* ¶¶ 36-42; *see, e.g.*, *Bittencourt v. Ferrara Bakery & Cafe Inc.*, 310 F.R.D.

106, 114 (S.D.N.Y. 2015) (collecting cases) ("[W]hile allegations supporting certification must

be specific rather than conclusory, a plaintiff may satisfy her burden with personal observations."

(internal citations omitted)).

Defendants, however, argue that there are still insufficient details in the amended

declaration.  Objections 5.  Defendants point out that Plaintiff's amended declaration does not

state how many hours "employees worked in a week, how many days they worked, how much

they received in pay, how much overtime they worked, whether they were full time or part time

employees, and other such relevant information."  *Id.* at 8; *see also* Defs.' Mem. of Law in

Opp'n to Pl.'s Renewed Mot. for Conditional Certification ("Defs.' Mem.") 15-17, ECF No. 67.

Defendants also contend that Plaintiff's amended declaration lacks details regarding other

employees and alleged untimely pay, noting that "there are no details at all as to what anyone's

pay date was, or when, if ever they received pay, and if so, how much pay they received on those

late purported occasions."  Objections 9.

Defendants rely principally on *She Jian Guo v. Tommy's Sushi Inc.*, No. 14 Civ. 3964,

2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014), which conditionally certified a collective of

restaurant deliverymen, but declined to include other employees, such as kitchen workers, in the

collective based on the plaintiff's failure to provide details as to the "the specific hours worked

by, or the amounts paid to" these employees.  *See* Objections 7-8.  But at least one other decision

in this District conditionally certified a collective based on evidence that all employees were

subject to the same failure to pay overtime, even without evidence of the precise wages that

different types of employees were paid. *See Garcia Ramos v. DNC Food Serv. Corp.*, No. 19

Civ. 2967, 2020 WL 2832776, at *6 (S.D.N.Y. June 1, 2020) (conditionally certifying a

collective of "every conceivable type of employee of a delicatessen" based on evidence they

"were subject to a blanket policy by Defendants of not paying overtime," and rejecting the

defendants' argument that a collective should not be certified because plaintiffs had "not

provided the last names, job position, wage, or salary of the employees they spoke with").

     Here, Plaintiff Lipstein identified other employees allegedly subject to similar FLSA

violations, and his assertions were backed by specific conversations with identified employees,

setting forth specific instances of failure to pay wages, underpayment, and failure to pay wages

in a timely manner. Am. Lipstein Decl. ¶¶ 36-42. Numerous courts in this District have

conditionally certified a collective action based on similar evidence. *See also Tueros v. Urb.*

*Health Plan, Inc.*, No. 21 Civ. 4525, 2022 WL 2752070, at *11 (S.D.N.Y. July 14, 2022)

(granting conditional certification where the plaintiff provided employees' names, "in part," "the

positions of those employees," and more details of employees he asserts were subject to alleged

FLSA violations); *Tung v. Banzai Steakhouse Inc.*, No. 22 Civ. 5750, 2023 WL 5827643, at *4

(S.D.N.Y. Sept. 8, 2023) (granting conditional certification where the plaintiff identified "staff

by their names who [the plaintiff] asserts were subject to similar wage-and-hour violations" and

"[p]laintiff's assertions are backed both by his observations and specific conversations with

identified wait staff").

     The Second Circuit has not held that a plaintiff seeking conditional certification must

submit evidence at the level of detail that Defendants would require here. Rather, the Circuit's

guidance has been relatively permissive, explaining that the first step of the conditional

certification inquiry merely "involves the court making an initial determination to send notice to

potential opt-in plaintiffs who *may* be 'similarly situated' to the named plaintiffs with respect to

whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555 (emphasis added).  In light of

that guidance, and the decisions of other courts in this District granting motions for conditional

collective certification based on evidence similar to what has been submitted in this case, it

cannot be said that the 2024 Report "fails to apply or misapplies relevant statutes, case law or

rules of procedure." *Brown*, 2019 WL 5188941, at *1.  The Court, therefore, finds no clear error

in the 2024 Report's determination that Plaintiff's updated declaration sufficiently identifies the

other employees potentially involved in the putative collective action and provides "a factual

showing that extends beyond [Plaintiff's] own circumstances." *Levinson v. Primedia Inc.*, No.

02 Civ. 2222, 2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2003).

## B.  Whether Plaintiff is Similarly Situated

Second, Defendants argue that Plaintiff is not similarly situated to other Back-of-House

employees because "Plaintiff was an exempt, executive head chef."  Objections 12.  In his

amended Declaration, Plaintiff asserts he was an Executive Head Chef until on or around

September 2021, when he was demoted to prep cook.  Am. Lipstein Decl. ¶ 7.  Defendants

dispute this by introducing new evidence.[5]  Defendants point to text messages that they allege

demonstrate that Lipstein continued to do the work of an exempt managerial and creative chef

and, therefore, is not similarly situated to Back-of-House employees.[6]

---

[5] Defendants had not previously presented the text messages before Judge Willis.  *See* Defs.' Mem.; Pl.'s Resp. 19.  "Rule 72(a) precludes the district court from considering factual evidence that was not presented to the magistrate judge." *In re Batbold*, No. 21 Misc. 218, 2023 WL 2088524, at *3 (S.D.N.Y. Feb. 17, 2023) (internal citation omitted).  Nevertheless, in an abundance of caution, the Court considers this matter in the text of this opinion.

[6] In their Objections, Defendants separately argue that the Report erred by "disregarding Defendants' arguments in their opposition to the motion" for conditional certification. Objections 12.  In that section of their brief, Defendants essentially raise the same issues, arguing that discovery revealed that "Plaintiff was exempt [from FLSA] and therefore not similarly

In essence, Defendants raise a factual dispute as to the Plaintiff Lipstein's role in the kitchen and whether he is FLSA exempt.  The ultimate determination of whether a plaintiff is FLSA-exempt "is a highly fact-intensive inquiry, to be made on a case-by-case basis in light of the totality of the circumstances." *Yeh v. Han Dynasty, Inc.*, No. 18 Civ. 6018, 2020 WL 883501, at *7 (S.D.N.Y. Feb. 24, 2020) (internal citations omitted).  At this initial conditional certification stage, however, a court "does not address" arguments that "attack the merits of the case, raise factual disputes, or question the credibility of Plaintiff['s] declarations." *Filho v. OTG Mgmt., LLC*, No. 19 Civ. 8287, 2021 WL 1191817, at *5 (S.D.N.Y. Mar. 30, 2021); *accord Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (noting that the court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations").  The legal standard at this stage of the litigation is very forgiving for plaintiffs, and a court cannot decide substantive issues going to the ultimate merits of the case. *See Michael v. Bloomberg L.P.*, No. 14 Civ. 2657, 2015 WL 1810157, at *2 (S.D.N.Y. Apr. 17, 2015) ("And, in reviewing a request for conditional certification, the court need not evaluate the underlying merits of plaintiff's claims.").

At this stage, it is not the Court's place to scrutinize possible factual variations between Plaintiff and the putative collective. *See Lynch*, 491 F. Supp. 2d at 369 ("Thus, any factual variances that may exist between the plaintiff and the putative class do not defeat conditional class certification.").  There is therefore no error, clear or otherwise, in the 2024 Report on this basis.

---

situated to the Back-of-House Employees." *Id.*  As explained in the text of this opinion, these sorts of factual disputes are not a basis for denying conditional collective certification.

### C. Notice to Business Locations

Finally, Defendants argue that Magistrate Judge Willis erred in recommending notice be sent to both Spicy Moon restaurant locations because Plaintiff did not make any allegations related to the second location.  Objections 13; Defs.' Mem. 18.  Defendants contend the 2024 Report erred in failing to consider "whether the plaintiffs have made an adequate factual showing to support an inference that . . . a uniform policy or practice exists, and whether the locations share common ownership or management." *Trinidad v. Pret A Manger (USA) Ltd*., 962 F. Supp. 2d 545, 548 (S.D.N.Y. 2013) (quoting *Hamadou*, 915 F. Supp. 2d at 662).  Defendants argue that Plaintiff "only worked at one location, so he would not have any personal knowledge related to the second location."  Objections 14; *see also* Defs.' Mem. 18.  The 2024 Report recognized that Plaintiff does not "acknowledge that there are two restaurants, nor does he explain which one he worked at."  2024 Report 19.

Some decisions by courts in this District have denied conditional certification where the plaintiff seeks to certify a collective comprising employees working at another store location where the plaintiff has not worked, and of which the plaintiff lacks personal knowledge.  *See, e.g.*, *Gomez v. Kitchenette 123 Inc.*, No. 16 Civ. 3302, 2017 WL 4326071, at *7 (S.D.N.Y. Sept. 5, 2017).  Others, however, have recognized that the lack of personal knowledge as to practices at one location is not fatal where there is common ownership across multiple locations, and the plaintiff has offered testimony indicating a widespread policy or pattern of management.  *See, e.g.*, *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 371 (S.D.N.Y. 2014) (granting conditional certification of a collective including employees at other locations because there was evidence that the "three [locations] were run as an integrated enterprise," which could "reasonably imply that they had uniform wage-and-hour policies"); *Cheng Chung Liang v. J.C. Broadway Rest., Inc.*, No. 12 Civ. 1054, 2013 WL 2284882, at *1 (S.D.N.Y. May 23, 2013) (holding that the

plaintiff's testimony about alleged unlawful pay practices at one location "provides adequate evidence to indicate that employees at other restaurants controlled by defendants may be similarly situated"); *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, No. 12 Civ. 265, 2012 WL 1981507, at *1 n.1 (S.D.N.Y. June 1, 2012) (granting conditional certification to a collective including employees from "the three restaurants [that] are jointly owned and operated as a common enterprise" because "the possibility of a common policy or plan among the three restaurants . . . meet[s] the minimal burden plaintiff faces at this stage of the litigation").

In this case, Magistrate Judge Willis reasoned that due to the "relatively small size of the business, the close proximity of the locations and the admitted common ownership, Plaintiff's allegations are reasonably construed as applying to both Spicy Moon locations." 2024 Report 19-20. Defendants do not dispute that there is common ownership between both Spicy Moon locations, acknowledging "this entity owns two restaurants . . . a location in the West Village and another in East Village." Defs.' Mem. 9. Further, Plaintiff's declaration provides sufficient facts supporting an inference of common pay practices across job positions, indicating "the possibility of a common policy" among the two restaurants. *Khamsiri*, 2012 WL 1981507, at *1 n.1; *see also* Am. Lipstein Decl. ¶¶ 36-42.

## CONCLUSION

The Court has reviewed Defendants' Objections, Plaintiff's Response, and Magistrate Judge Willis' well-reasoned 2024 Report and finds no error, clear or otherwise. For the foregoing reasons, Defendants' objections to Magistrate Judge Willis' Conditional Certification Decision are overruled, and the Report is adopted in full.

The Court reiterates that Plaintiff will bear the burden at the decertification stage, should Defendants move for decertification, by setting forth evidence that all the opt-in plaintiffs

suffered the same wage violations alleged by Plaintiff.  At this stage, where a plaintiff must make only a "modest factual showing" that there may be other similarly situated workers, *Myers*, 624 F.3d at 555, the Court is satisfied that Plaintiff has met that burden.

Within ten (10) days of this Order, the parties shall jointly provide Magistrate Judge Willis with a status update on a proposed process for issuing potential plaintiffs notice and collecting consent to join forms.  *See* 2024 Report 25, ECF No. 80.

The Clerk of Court is respectfully directed to terminate ECF No. 64.

SO ORDERED.

Dated:  March 19, 2024
        New York, New York

_____
               DALE E. HO
        United States District Judge