UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILAN LIPSTEIN,<br><br>                                  Plaintiff,<br><br>v.<br><br>20X HOSPITALITY LLC d/b/a SPICY MOON, JUNE KWAN, in both her individual and professional capacities, JOANNA AVERY, in both her individual and professional capacities, and YIDIMAO a/k/a KENNY MAO, in both his individual and professional capacities,<br><br>                                  Defendants. | 22-CV-4812 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

On March 13, 2025, Plaintiff filed a letter motion seeking approval of his and Defendants' settlement of his claims under the Fair Labor Standards Act ("FLSA"). *See* ECF No. 102; 29 U.S.C. § 201. Under the terms of the agreement, Plaintiff's counsel will receive one-third of the total settlement payment in attorneys' fees and costs, which amounts to $1,666.50. Crabill Decl. ¶ 45, ECF No. 103; *see* Fully Executed Settlement Agreement ("Settlement Agreement") at 1, ECF No. 103-1. Documentation supporting the requested amount of fees and costs were filed as exhibits to Mr. Crabill's declaration. *See* ECF Nos. 103-2, 103-3.

It is hereby **ORDERED** that the settlement agreement is **APPROVED** as fair and reasonable based on the nature and scope of Plaintiff's claims and the risks and expenses involved in additional litigation. In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*,

948 F.3d 593, 599-600 (2d Cir. 2020) (outlining the factors that district courts have used to determine whether a proposed settlement and award of attorneys' fees is fair and reasonable); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-07 (2d Cir. 2015).  The settlement payment totals $5,000.  Settlement Agreement at 2.  After attorneys' fees and costs, Plaintiff will receive $3,333.50, which is approximately 13% of $25,433.01, the maximum total damages Plaintiff estimates he could recover at trial.  See ECF No. 102 at 4-5.  Plaintiff's recovery is in line with settlements approved in this District.  *See, e.g.*, *Kim v. Choi*, No. 19 Civ. 8911, 2021 WL 1759830, at *1 (S.D.N.Y. May 4, 2021) (approving settlement where the plaintiffs would receive 21% of their total potential recovery); *Zorn-Hill v. A2B Taxi LLC*, No. 19 Civ. 1058, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (approving settlement amount equal to "12.5% of the best-case scenario" for the plaintiff).

Plaintiff's counsel represents that both parties face litigation risks.  Crabill Decl. ¶¶ 41-42.  He states that "the parties maintain drastically different assessments concerning the number of hours Plaintiff worked each day and how much he was paid." *Id.* ¶ 42.  Faced with these risks, the parties wish to avoid the additional cost and risks associated with litigation.  *Id.* ¶¶ 41-42.  Plaintiff represents that this settlement is the product of "arms-length negotiations" by experienced counsel and with the assistance of a highly regarded mediator.  ECF No. 102 at 3.  Additionally, nothing suggests that the proposed settlement is tainted by "fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

It is further **ORDERED** that Plaintiff's counsel's request for attorneys' fees is **GRANTED**.  Plaintiff's counsel requests 33% of the settlement amount.  *See* Settlement Agreement at 2.  Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit.  *See Zorn-Hill*, 2020 WL 5578357, at *6 ("[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third the total recovery.").

Furthermore, Plaintiff's total requested sum of $1,666.50, Settlement Agreement at 2, represents a discount from the lodestar amount of $28,500, as determined by contemporaneous time records documenting counsel's work in connection with this matter.  *See* Crabill Decl. ¶ 47.  The hourly rate for Mr. Crabill ($500) is not inconsistent with those generally approved as a matter of course.  *See id.* ¶ 50; *Silva v. Legend Upper West LLC*, 590 F. Supp. 3d 657, 664 (S.D.N.Y. 2022) ("Courts in this district have determined that fees ranging from $250 to $450 is appropriate for experienced litigators in wage and hour cases."), *adopted by* 2022 WL 4377896 (S.D.N.Y. Sept. 22, 2022).  Therefore, the fees requested by Plaintiff's counsel are fair and reasonable in light of the settlement agreement.

By separate order, the Court will enter the proposed order approving the settlement and dismissing the case.

SO ORDERED.

Dated: June 10, 2025
       New York, New York

*[signature]*

DALE E. HO
United States District Judge